## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID BYERS | No. 3:17cr134 (MPS) |

## ORDER

Mr. Byers, who is incarcerated at the Fort Dix Federal Correctional Institution, has submitted the attached letter, entitled "Compassionate Release" in which he states that he seeks release so that he may obtain medical treatment for his wound.

A motion for compassionate release is governed by 18 U.S.C. § 3582(c). Under that statute, a defendant must first exhaust his remedies before seeking relief with the court. Specifically, a Defendant may only bring a motion under 18 U.S.C. § 3582(c) "after the defendant has full fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i). If a defendant has exhausted, the Court goes on to determine whether there exist "extraordinary and compelling reasons" to warrant a reduction of his term of imprisonment and grant his release. Because Mr. Byer does not indicate whether he has exhausted his remedies, the motion for compassionate release is denied without prejudice.

The Defendant's description of his injuries, together with the accompanying images he has submitted, suggest that the condition is very serious and warrants prompt medical attention. The Court is concerned, based on the Defendant's submissions, that his injuries may not be receiving the proper medical attention. Although the Court denies the instant motion, the government is

ordered to provide a copy of the Defendant's motion and the attached images to the Warden of Fort Dix.

The Court also observes that Mr. Byers might have legal remedies to obtain medical treatment other than a motion for compassionate release under § 3582(c), such as a request to the BOP for temporary release to obtain medical treatment under the medical furlough statute, 18 U.S.C. § 3622(a)(3), a petition for a writ of habeas corpus under 28 U.S.C. § 2241, or a civil rights action under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). The latter two types of proceedings would have to be filed in the jurisdiction of the place of confinement rather than in this Court. The Court expresses no opinion on the viability of such actions or what course Mr. Byers should pursue but again, notes that the medical condition at issue appears to be very serious and urges the Warden of Fort Dix to investigate the matter.

In the event that Mr. Byers wishes to refile a motion for compassionate release under § 3582, any new motion should be accompanied by (1) a copy of his request for release made to the Warden at his facility (or to the Bureau of Prisons); (2) a copy of his BOP medical records, which may be filed under seal but must be provided to the Government and (3) a copy of his BOP disciplinary record.

The Clerk is directed to mail a copy of this order to Mr. Byers.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
July 16, 2020